**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Matthew S. Wade, Petitioner Below,**
**Petitioner**

**vs) No. 13-0230** (Raleigh County 10-C-80)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Matthew S. Wade, by counsel G. Ernest Skaggs, appeals the Circuit Court of Raleigh County's February 6, 2013 order denying his petition for writ of habeas corpus. Respondent David Ballard, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus because he argues that he received ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Pursuant to a plea agreement, petitioner was convicted of one count of threats of retaliation against a public official and one count of solicitation of first degree murder. Petitioner was originally indicted on five counts, but three were dismissed pursuant to the plea agreement. Further, the State agreed not to pursue a recidivist information against petitioner based on a prior felony conviction. On March 30, 2009, petitioner was sentenced to a term of incarceration of one to ten years for his conviction of threats of retaliation against a public official and a term of incarceration of three to fifteen years for his conviction of solicitation of first degree murder.

In May of 2009, petitioner filed a *pro se* petition for writ of habeas corpus with this Court. By order entered November 12, 2009, the Court granted the petition returnable below for appointment of counsel and the holding of an omnibus evidentiary hearing. The circuit court held an omnibus evidentiary hearing on June 19, 2012, and denied the petition for habeas relief by order entered on February 6, 2013. It is from this order that petitioner appeals.

We have previously held that

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012). Upon our review, we find no error in the circuit court's denial of the petition for writ of habeas corpus. On appeal, petitioner raises only one assignment of error, arguing that the circuit court erred in finding that his trial counsel's representation was not ineffective. While petitioner argues that he received ineffective assistance of counsel below because his attorney never allowed him to hear the audio recordings of his solicitation of an individual to kill an assistant prosecutor and a sheriff's deputy, the Court finds no error.

Petitioner admits that while his attorney never allowed him to hear the recordings, his attorney did provide petitioner with transcripts of those recordings. Petitioner argues that the transcripts were inaccurate and contained omissions, including evidence that he withdrew from the murder solicitation, and that they may have been altered. However, petitioner's counsel testified that he personally compared the recordings to the transcripts for accuracy several times. Further, the circuit court specifically found that "[t]he record is clear that the transcripts accurately reflected the contents of the recordings." As such, it is clear that providing petitioner with the transcripts constituted effective representation and the circuit court did not err in denying petitioner relief on this issue.

For the foregoing reasons, the circuit court's February 6, 2013 order denying petitioner's petition for writ of habeas corpus is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II